IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID GARCIA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-3691 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER OF DISMISSAL**

Petitioner David Garcia, a state inmate presently in the custody of the Texas Department of Criminal Justice, has filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction and sentence. Docket Entry No. 1 at 1-2. After reviewing the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, however, the Court concludes that this case must be dismissed without prejudice for the reasons set forth briefly below.

**I. Background**

Petitioner discloses that he was convicted on May 30, 2017 after entering a plea of guilty to aggravated assault, a second degree felony, and was sentenced to two years' imprisonment. Docket Entry No. 1 at 2-3. He did not appeal his conviction. Id. at 3. Petitioner filed a pre-trial application for habeas corpus

relief under Texas Code of Criminal Procedure 11.01, but the application was dismissed by the Texas Court of Criminal Appeals on March 22, 2017. Id. at 4. Petitioner contends that he made a good-faith effort to present his pre-trial claims to state court but that they were mis-filed by the Harris County District Clerk as an application for habeas corpus under Texas Code of Criminal Procedure article 11.07. Docket Entry No. 1 at 8.

## II. **Exhaustion of Remedies**

Under the governing federal habeas corpus statutes, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." Sones v. Hargett, 61 F.3d 410, 414 (5th Cir. 1995). The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Moore v. Quarterman, 454 F.3d 484, 490-91 (5th Cir. 2006) (citations omitted). "The purpose of exhaustion 'is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate

2

forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court.'" Ruiz v. Quarterman, 460 F.3d 638, 642-643 (5th Cir. 2006) (quoting Keeney v. Tamayo-Reyes, 112 S. Ct. 1715, 1720 (1992)). Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. See 28 U.S.C. § 2254(b)(1)(B). A reviewing court may raise a petitioner's failure to exhaust *sua sponte*. Tigner v. Cockrell, 264 F.3d 521, 526 (5th Cir. 2001).

To exhaust his state remedies under the applicable statutory framework, a habeas petitioner must fairly present "the substance of his claim to the state courts." Moore, 454 F.3d at 491 (quoting Vasquez v. Hillery, 106 S. Ct. 617, 620 (1986)). A federal habeas petitioner shall not be deemed to have exhausted the remedies available in the state courts "if he has a right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

A criminal defendant in Texas may challenge a conviction by taking the following paths: (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals; and/or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which

is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary. *See* TEX. CODE CRIM. P. art. 11.07 § 3(d); *see also* Busby v. Dretke, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings.").

Petitioner, who has been convicted pursuant to a plea of guilty on the charge for which he was in custody pre-trial, does not indicate that he has filed a post-conviction application for habeas corpus under Texas Code of Criminal Procedure article 11.07 in state court that was considered on the merits by the Texas Court of Criminal Appeals. Because state process remains available to challenge his conviction, Petitioner does not satisfy any statutory exception to the exhaustion doctrine. Comity requires this Court to defer to state courts until Petitioner has exhausted his state remedies. Accordingly, the pending federal habeas petition must be dismissed without prejudice for failure to exhaust all state remedies as required.

### III. **Certificate of Appealability**

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 120 S. Ct. 1595, 1603-04 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.; Beazley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001). A district court may deny a certificate of appealability, *sua sponte,* without requiring further briefing or argument. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth in the Memorandum and Order of Dismissal, the Court has determined that petitioner has not made a showing that reasonable jurists could disagree regarding the Court's ruling. Therefore, a certificate of appealability from this decision will not issue.

### IV. ORDER

Based on the foregoing, it is hereby

**ORDERED** that the petition for a writ of habeas corpus filed by David Garcia is **DISMISSED** without prejudice for failure to exhaust state remedies; it is further

**ORDERED** that a certificate of appealability is **DENIED**; it is

5

further

**ORDERED** that Petitioner's motion to proceed *in forma pauperis* (Docket Entry No. 2) is **GRANTED**; and it is

**ORDERED** that all other pending motions, if any, are **DENIED**.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 30th day of Jan., 2018.

*Ewing Werlein, Jr.*
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE